The Chief Justice
delivered the opinion of the court.*
This is a controversy for land claimed under adverse titles. The appellees, who were complainants in the circuit court, assert their right in virtue of an entry in the name of Samuel Rogers; and the appellants, who were defendants, rely upon their elder patents, and in part upon a pre-emption of 1000 acres, granted to Peter Jordan.
The first question, therefore, which the record presents, is, whether the entry in the name of Rogers, through which the appellees derive their title, is a valid one or not?
It is an entry of 600 acres, was made the 11th of December, 1782—
“Joining John Green’s entry of 6000 acres, near the “head of Elkhorn, beginning at John Caldwell’s southard-“ly corner on said Green’s line, and running from thence, “south 70 east, 300 poles, with said Green’s line to his cor-"ner; from thence north 20 east, and binding on said “Caldwell’s line as far as the same shall extend, and continuing the same course until the quantity is obtained”
Caldwell had previously made an entry of 500 acres, “Beginning at the north east corner of John Green’s entry, “of 6000 acres, near the head of Elkhorn, running from “thence with said Green’s line south, 70 east, 300 poles; “then running from each end of this line of 300 poles north, “20 east, until a line parallel to the beginning line shall include the quantity."
Green’s entry of 6000 acres was made the 6th of December, 1782, “On the waters of Elkhorn, beginning at “Shadrack Vaughn’s upper line, 200 poles from his north “east corner; thence south, 70 east, 600 poles; thence to *165 "extend north, 20 east, at right angles, for quantity.”—
An entry containing calls of courses and distances wholly irreconcilable, must be rejected, tho' instances have occur’d of an entry having been sustained which contained incomparable calls, some of which are objects of sense and others ideal, the former have been adhered to, and the latter rejected.
An entry calling for another which is vague, may be sustained if it contains other calls which give it certainty and position.
Shadrack Vaughn had, on Elkhorn, a military survey, bearing date in July, 1774, and patented to him in October, 1779.
This survey is proven to have been sufficiently notorious in its vicinity at and prior to the date of the dependent entries, to render it a good object of location; and as it is the only claim in the name of Vaughn on Elkhorn, which is exhibited, it must be presumed to be the one called for by Green’s entry. It plainly presents a north east corner, the lines of the survey being only 20 degrees variant from the cardinal points; and one of the lines extending from that corner may very properly be denominated an upper line from the course of Elkhorn, which passes through the survey. On that line, at a point 200 poles from the corner, is the place claimed by the appellees as Green’s beginning; and it is no doubt the place intended by his entry The beginning of Green’s location being thus ascertained, the other calls of his entry fixes his boundaries with absolute precision.
His most northern boundary is formed according to his entry by a line of 600 poles, varying 20 degrees from due east and west. That Caldwell intended that 300 poles of this line should form the base of his location, there can be no doubt; but which end of the line it should be, he has furnished no means of ascertaining with any certainty:— For between the call in his entry “beginning at the north east corner of John Green’s entry,” and the call “running from thence with said Green’s line south, 70 east,” there is an irreconcilable repugnance. Both these calls cannot be complied with; and there is no principle upon which one can be made to controul the other. It is true that cases have occurred in which a call for a course or distance, incompatable with a call for an object of sense, has been made to yield to the latter, upon the principle that a mistake in the former being in its nature more easily made, ought to be presumed rather than in the latter. But in the present case there is no rational ground for a presumption of that sort. The objects of both calls are of the same nature, and the description given of them in the entry is of the same character. There is, therefore, as much reason to presume a mistake in the one as in the other; and it being impossible to comply with both, the entry must be deemed vague. If Rogers’ entry, under which the appellees *166 claim title, were dependent for its position or figure on that of Caldwell, the inevitable consequence would be, that it must partake of the same vagueness and uncertainty. But this does not appear to be the case; for although it is uncertain which end of Green’s northern boundary Caldwell intended to occupy as the base of his location; yet it is evident that the locator of Rogers’ entry expected Caldwell would lie on the western end of that line, and that he intended the other to form the base of Rogers’ location, running thence at right angles for quantity. With this intention, all the calls of Rogers’ entry are perfectly consistent with each other. The call for Caldwell cannot, therefore, vitiate Rogers’ entry.
A decision on an entry is not conclusive except between the parties; but such decision is entitled to great weight as a precedent between different parties.
A pre-emption depending exclusively on an improvement is not entitled to that rank, if the improvement was made by another than the pre-emptor, unless the improvement had before the entry obtained great notoriety as the pre-emption.
This conclusion is fortified by the case of Marckham vs. M’Gee, Hard. Rep. 374, in which the entry of Rogers was held to be valid. The decision given in that case, though not conclusive on the present parties, is certainly entitled to all the weight of a precedent in point, and ought not to be departed from, unless it were found to be in confliction with other adjudications of this court, and we are not aware of any such adjudications.
The circuit court, therefore, correctly sustained the entry of Rogers, and of course the appellants must surrender the legal title, unless protected by a superior equity derived under Peter Jordan’s pre-emption.
That claim would unquestionably be superior in law, if it were supported in fact. But the facts established by the evidence in the cause are clearly insufficient to sustain it. The improvement, upon which it exclusively depends, is called for by the name of Peter Jordan’s, and the proof shews that the improvement claimed as the one intended, was in fact made by Patrick Jordan, and that it never did acquire any notoriety as Peter Jordan’s.
The decree must be affirmed with costs.

Absent, Judge Rowan.